## IN UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH R. KARSNER, IV<br>2294 Lighthouse Lane<br>Connolly Springs, North Carolina  28612<br><br>       Petitioner<br><br>v.<br><br>CHERYL TAYLOR<br>593 Sunset Drive<br>Hanover, Pennsylvania  17331<br><br>Serve on:<br><br>William B. Young, Jr., Esq.<br>Colling, Gilbert, Wright & Carter<br>2301 Maitland Center Parkway, Suite 240<br>Maitland, Florida  32751<br><br>and<br><br>FINRA[1]<br>1735 K Street, N.W.<br>Washington, D.C.  20006<br><br>       Respondents | Civil Action No.: |

### PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Joseph R. Karsner, IV ("Petitioner") by undersigned counsel hereby submits the following Petition to Confirm Arbitration Award and states as follows:

1.      Counsel for Respondent Taylor has agreed to accept service for her and *does not* oppose this Petition.

---

[1] FINRA, the Financial Industry Regulatory Authority, was formerly known as the National Association of Securities Dealers ("NASD").

2.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C.
§1332 because it involves a controversy between citizens of different states and the amount in
controversy exceeds $75,000. *See* Exhibit 1.

3.      The instant matter was originally a private arbitration action initiated by
Respondent Taylor against the Petitioner with the National Association of Securities Dealers
("NASD") in the District of Columbia. The action had the NASD Case Number 04-7344.[2]

4.      The action was scheduled for an arbitration but was resolved prior to the
arbitration.

5.      After resolution of the case, the parties submitted a Stipulated Award to the
NASD's own three-member arbitration panel overseeing this action.

6.      In November of 2006, the NASD's own arbitration panel finalized the Stipulated
Award, thereby granting all of the relief set forth therein, including an order of expungement.
(*See* Stipulated Award at page 2, attached hereto as Exhibit 1.)

7.      At present, no party or third party to the action has sought to modify or vacate this
Stipulated Award.

8.      Under NASD Rule 10330, any Stipulated Award "may be entered as a judgment
in any court of competent jurisdiction." (*See* NASD Rule 10330.)

9.      Section 9 of the Federal Arbitration Act, 9 USC §9, gives this Court the authority
to confirm the Stipulated Award entered in this action and which is attached hereto.

---

[2] A number of lawsuits were filed against Respondent Karsner by disgruntled investors who later
determined that that their claims against Karsner were without merit. This Court has already
granted Respondent's Petition to Confirm a nearly identical Stipulated Award in the case styled
*Karsner v. Lothian et al.*, Civil Action No.: 1:07-cv-00334 (RJL) and in the case styled *Karsner
v. Simpson et al.*, Civil Action No.: 1:07-cv-378. Respondent will be filing a number of
additional Petitions to Confirm Stipulated Awards where the NASD arbitration panels
determined that the claims against Karsner were without merit and should be expunged from his
securities record.

2

10.    The confirmation of an already-entered Stipulated Award is perfunctory, a summary proceeding that merely makes what is already a final arbitration award a judgment of the court. *See Barbier v. Shearson Lehman Hutton, Inc.*, 752 F.Supp. 151, 159 (S.D.N.Y. 1990) (citing *Florasynth, Inc. v. Pockholz*, 750 F.2d 171 (2d Cir. 1984)).

11.    Indeed, the ability of a court to do anything other than confirm a Stipulated Award is strictly curtailed so as not to frustrate the reason for arbitration, namely the disposition of cases quickly and efficiently. *See Barbier*, at 159.

12.    In this case, all of the conditions precedent for a confirmation of the attached Stipulated Award are present.

13.    Both parties to this case agreed with all of the relief set forth in the Stipulated Award and the NASD's own three-member arbitration panel executed the Stipulated Award and agreed to all of the relief set forth therein.

14.    Further, no party moved to modify or vacate the attached Stipulated Award within the three month time period set forth in 9 U.S.C. §12.

15.    In light of the above, Petitioner requests that this Court confirm the attached Stipulated Award and direct an entry of judgment confirming same.

WHEREFORE, Petitioner requests that this Court confirm the attached Stipulated Award and direct an entry of judgment confirming same.

Respectfully submitted,

George S. Mahaffey Jr., Esq. (#MD15083)
Jeffrey J. Hines, Esq. (#406090)

3

Christopher Corchiarino, Esq.
Goodell, DeVries, Leech & Dann, L.L.P.
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4993
(410) 783-4040

Richard J. Magid, Esq.
Whiteford, Taylor & Preston, LLP
7 Saint Paul Street
15th Floor
Baltimore, MD 21202-1697
(410) 347-8716

*Attorneys for Petitioner*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___5th___ of November 2007, a copy of the foregoing

was sent via first class mail to the following:

B.G. Brooks, Esquire
Terri Reicher, Esquire
FINRA
1735 K Street, N.W.
Washington, D.C.  20006
*Counsel for FINRA*

William B. Young, Jr., Esquire
Colling, Gilbert, Wright & Carter
2301 Maitland Center Parkway, Suite 240
Maitland, Florida  32751
*Counsel for the Respondent Taylor*

George S. Mahaffey Jr.

**902545**

## Stipulated Award
### NASD Dispute Resolution

In the Matter of the Arbitration Between:

Cheryl Taylor (Claimant) v. Legacy Financial Services, Inc., and Joseph R. Karsner, IV (Respondents)

Case Number: 04-7344          Hearing Site: Philadelphia, Pennsylvania

Nature of the Dispute:  Customer vs. Member and Associated Person.

## REPRESENTATION OF PARTIES

Claimant Cheryl Taylor, hereinafter referred to as "Claimant":  William B. Young, Jr., Esq., Hooper & Weiss, LLC, Orlando, FL.

Respondents Legacy Financial Services, Inc. ("Legacy") and Joseph R. Karsner, IV ("Karsner"), hereinafter collectively referred to as "Respondents":  Jeffrey J. Hines, and George S. Mahhafey, Jr., Esq., Goodell, Devries, Leech & Dann, LLP, Baltimore, MD.

## CASE INFORMATION

Statement of Claim filed on or about:  October 13, 2004.
Claimant signed the Uniform Submission Agreement:  November 7, 2002.

Joint Statement of Answer filed by Respondents, on or about:  December 13, 2004.
Karsner did not submit a signed Uniform Submission Agreement.
Legacy did not submit a signed Uniform Submission Agreement.

## CASE SUMMARY

Claimant asserted the following causes of action: negligence, breach of contract, breach of fiduciary duty, respondeat superior, violation of NASD Conduct Rule, failure to supervise, unsuitability, omissions/misrepresentations, fraudulent inducement, and common law fraud.
Claimant's claims involved various mutual funds, including American Skandia Newberger Berman Mid-Cap Growth Fund, the American Skandia Advisor Funds, Janus Capital Growth Fund, the Oppenheimer MidCap Fund, Oppenheimer Main Street Growth & Income, and the Oppenheimer Capital Appreciation Fund.

Unless specifically admitted in their Answer, Respondents denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

EXHIBIT

1

NASD Dispute Resolution
Arbitration No. 03-07344
Award    Page 2 of 6

## RELIEF REQUESTED

Claimant requested compensatory damages in the amount of $83,860.00, punitive damages, costs, interest, and any other remedy the Panel deems is just and equitable.

Respondents requested that the statement of Claim be dismissed in its entirety and that the Panel award the Respondents attorneys' fees, forum fees, and such other costs and fees that they have been forced to incur in defending this action.

## OTHER ISSUES CONSIDERED AND DECIDED

Respondents did not file with NASD Dispute Resolution properly executed Uniform Submission Agreements but are required to submit to arbitration pursuant to the Code and, having answered the claim, appeared and testified at the evidentiary hearing on expungement, are bound by the determination of the Panel on all issues submitted.

On or about January 12, 2006, the parties advised NASD Dispute Resolution that they entered into an agreement to settle this matter on certain terms and conditions set forth in a confidential settlement agreement and requested that the Panel execute this Stipulated Award.

The parties agreed that the Respondents are not liable for the counts listed in the Statement of Claim (and Amended Statement of Claim), and that the investments at issue were suitable.

On November 3, 2006, the Panel and parties conducted a telephonic evidentiary hearing on the parties' request for expungement; Chairperson Roslyn Pollack did not participate and the parties agreed to proceed with the remaining two arbitrators. After the hearing, in accordance with the Panel's November 14, 2006 Order, the Claimant submitted an affidavit. The entire Panel deliberated and rendered the decision in the "Award" section below.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

The parties entered into an agreement to present to the Panel a Stipulated Award. Now, in lieu of a hearing and upon motion of both parties for an entry of an award, the written stipulation thereto, the Panel grants the motion and enters this award granting the following relief:

NASD Dispute Resolution
Arbitration No. 03-07344
Award    Page 3 of 6

1. Pursuant to the Confidential Settlement Agreement reached between all parties, all claims against Respondents are dismissed with prejudice.

2. Upon motion of both parties for a Stipulated Award and Claimant's agreement, as a result of information and documents obtained during the discovery process, that all investments at issue were suitable and that the Respondents are not liable for any of the counts in the Statement of Claim (and Amended Statement of Claim):

   The Panel recommends the expungement of all reference to the above captioned arbitration from Respondent Joseph Karsner's registration records maintained by the Central Registration Depository ("CRD"), with the understanding that pursuant to NASD Notices to Members 99-09 and 99-54, Respondent Joseph Karsner must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.

   Unless specifically waived in writing by the NASD, parties seeking judicial confirmation of an arbitration award containing expungement relief must name NASD as an additional party and serve NASD with all appropriate documents.

   Pursuant to Rule 2130 of the NASD Code of Arbitration Procedure, the arbitration panel has made the following affirmative findings of fact:

   The claims, allegations and information are clearly erroneous and Respondents were not involved in the alleged investment-related sales practice violations.

3. Any and all relief not specifically addressed herein, including punitive damages, is denied.

### FEES

Pursuant to the Code, the following fees are assessed:

**Filing Fees**
NASD Dispute Resolution will retain or collect the non-refundable filing fees for each claim:
    Initial claim filing fee                                    = $  225.00

NASD Dispute Resolution
Arbitration No. 03-07344
Award    Page 4 of 6

## Member Fees

Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute.  Accordingly, Legacy Financial Services, Inc., is a party.

| | |
|---|---|
| Member surcharge | = $1,100.00 |
| Pre-hearing process fee | = $  750.00 |
| Hearing process fee | = $1,700.00 |

## Forum Fees and Assessments

The Panel has assessed forum fees for each session conducted or each decision rendered on a discovery-related motion on the papers.  A session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less.  Fees associated with these proceedings are:

Two (2) Pre-hearing sessions with Panel @ $750.00 = $1,500.00
Pre-hearing conferences:  March 14, 2005     1 session
                          April 20, 2005     1 session

One (1) Hearing session @ $750.00 = $  750.00
Hearing Date:_____November 3, 2006  1 session_____
Total Forum Fees = $2,250.00

In accordance with Rule 10306 of the NASD Code of Arbitration Procedure, forum fees associated with the April 20, 2005 pre-hearing conference was assessed equally among each party as follows:

1.  Claimant was assessed $250.00 of the forum fees.
2.  Legacy was assessed $250.00 of the forum fees.
3.  Karsner was assessed $250.00 of the forum fees.

The Panel assessed the forum fees associated with the March 14, 2005 pre-hearing conference equally among the parties as follows:

1.  Claimant was assessed $250.00 of the forum fees.
2.  Legacy was assessed $250.00 of the forum fees.
3.  Karsner was assessed $250.00 of the forum fees.

The Panel assessed the forum fees associated with the November 3, 2006 hearing as follows:

1.  The Panel has assessed $750.00 of the forum fees against Claimant.

NASD Dispute Resolution
Arbitration No. 03-07344
Award    Page 5 of 6

## Fee Summary

1.  Claimant is solely liable for:
    Initial Filing Fee                          = $   225.00
    Forum Fees                                  = $1,250.00
    Total Fees                                  = $1,475.00
    Less payments                               = $   975.00
    Balance Due NASD Dispute Resolution         = $   500.00

2.  Respondent Legacy is solely liable for:
    Member Fees                                 = $3,550.00
    Forum Fees                                  = $   500.00
    Total Fees                                  = $4,050.00
    Less payments                               = $4,050.00
    Balance Due NASD Dispute Resolution         = $      0.00

3.  Respondent Karsner is solely liable for:
    Forum Fees                                  = $  500.00
    Total Fees                                  = $  500.00
    Less payments                               = $  500.00
    Balance Due NASD Dispute Resolution         = $      0.00

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

NASD Dispute Resolution
Arbitration No. 03-07344
Award   Page 6 of 6

## ARBITRATION PANEL

Roslyn G. Pollack, Esq.      --      Public Arbitrator, Presiding Chairperson
John W. Lear                 --      Public Arbitrator
Rick L. Frimmer, Esq.        --      Non-Public Arbitrator

### Concurring Arbitrators' Signatures

*Roslyn G. Pollack*                        12/26/06
_____              _____
Roslyn G. Pollack, Esq.                   Signature Date
Public Arbitrator, Presiding Chairperson


_____              _____
John W. Lear                              Signature Date
Public Arbitrator


_____              _____
Rick L. Frimmer, Esq.                     Signature Date
Non-Public Arbitrator


May 7, 2007
_____
Date of Service   (For NASD Dispute Resolution use only)

NASD Dispute Resolution
Arbitration No. 03-07344
Award   Page 6 of 6

## ARBITRATION PANEL

Roslyn G. Pollack, Esq.      -      Public Arbitrator, Presiding Chairperson
John W. Lear                 -      Public Arbitrator
Rick L. Frimmer, Esq.        -      Non-Public Arbitrator

### Concurring Arbitrators' Signatures


_____                    _____
Roslyn G. Pollack, Esq.                     Signature Date
Public Arbitrator, Presiding Chairperson


_____                    _____
John W. Lear                               12/20/2006
Public Arbitrator                           Signature Date


_____                    _____
Rick L. Frimmer, Esq.                       Signature Date
Non-Public Arbitrator


May 7, 2007
_____
Date of Service  (For NASD Dispute Resolution use only)

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JOSEPH R. KARSNER, IV<br>2294 Lighthouse Lane<br>Connolly Springs, North Carolina  28612 | C. WARREN JENKINS<br>3317 Magnolia Avenue<br>Falls Church, Virginia  22041<br>FINRA<br>1735 K Street, N.W. |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

86888

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| George S. Mahaffey Jr., Esq. (#MD15083)<br>   Jeffrey J. Hines, Esq. (#406090)<br>Christopher Corchiarino, Esq.<br>   Goodell, DeVries, Leech & Dann, L.L.P.<br>   One South Street, 20th Floor<br>   Baltimore, MD 21202<br>   (410) 783-4993 | B.G. Brooks, Esquire<br>Terri Reicher, Esquire<br>FINRA<br>1735 K Street, N.W.<br>Washington, D.C.  20006<br>William B. Young, Jr., Esquire<br>Colling, Gilbert, Wright & Carter<br>2301 Maitland Center Parkway, Suite 240<br>Maitland, Florida  32751 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

○ 2 U.S. Government Defendant

○ 3 Federal Question
(U.S. Government Not a Party)

⊙ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ⊙ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ⊙ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. Antitrust | ○ B. Personal Injury/ Malpractice | ○ C. Administrative Agency Review | ○ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ⊗ E. General Civil (Other) | OR | ○ F. Pro Se General Civil | |
|---|---|---|---|
| Real Property<br>☐210 Land Condemnation<br>☐220 Foreclosure<br>☐230 Rent, Lease & Ejectment<br>☐240 Torts to Land<br>☐245 Tort Product Liability<br>☐290 All Other Real Property<br><br>Personal Property<br>☐370 Other Fraud<br>☐371 Truth in Lending<br>☐380 Other Personal Property Damage<br>☐385 Property Damage Product Liability | Bankruptcy<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>Prisoner Petitions<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>Property Rights<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>Federal Tax Suits<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | Forfeiture/Penalty<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>Other Statutes<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>⊠ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

9 USC 9

**VII. REQUESTED IN COMPLAINT**     CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐     DEMAND $ [ ]     Check YES only if demanded in complaint<br>JURY DEMAND:     YES ☐     NO ☐

**VIII. RELATED CASE(S) IF ANY**     (See instruction)     YES ☒     NO ☐     If yes, please complete related case form.

DATE 11/5/7     SIGNATURE OF ATTORNEY OF RECORD _(signature)_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.     RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.